990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David P. RANGEL, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General of California,
Respondents-Appellees.
 No. 92-55971.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 16, 1993.
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and FITZGERALD**, District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 David P. Rangel brought an action of habeas corpus seeking release from imprisonment for a conviction of kidnapping for purposes of robbery in violation of California Penal Code § 209(b); of robbery in violation of id. § 211; and of unlawfully taking the vehicle of another in violation of California Vehicle Code § 10851. The district court denied his petition. We affirm.
 
 FACTS
 
 4
 The facts, as stated by the State Court of Appeal for the Fourth District in an opinion of April 16, 1984 and supplemented by Rangel's petition, are as follows:
 
 
 5
 On Sunday, November 21, 1982 Javier Morelos borrowed a friend's car to drive Elva Laura Contreras to her home from a bar in Perris, California. The time was after midnight. On the way to Contreras' home she asked Morelos to pick up two men she knew, "Buzzard" and "Cowboy." Cowboy was a nickname of Rangel's. Morelos picked them up and took them to Contreras' home where they all drank beer.
 
 
 6
 Buzzard and Rangel asked Morelos to drive them back to the bar. He agreed, but after they had gone a short distance, Rangel pulled a pistol on Morelos. Morelos was then put in the back seat and Rangel held the gun in his mouth. Buzzard drove the car to Riverside. After about an one-half hour trip, they let Morelos out, first taking his cash, his jacket and his boots.
 
 
 7
 Rangel was picked up by police in Los Angeles County at about 5:00 a.m., driving the same car. In the car was found a loaded revolver and Morelos' boots and coat.
 
 PROCEEDINGS
 
 8
 Rangel was charged with the crimes above stated. He offered no evidence. He was convicted and sentenced to life imprisonment with the possibility of parole.
 
 
 9
 The State Court of Appeal of the Fourth District affirmed the judgment and the Supreme Court of California denied review. The Supreme Court of California also denied Rangel's petition for habeas corpus.
 
 
 10
 On December 24, 1991 Rangel filed a petition for habeas corpus in the federal district court. A magistrate judge filed a report and recommendation of denial on April 1, 1992. On May 6, 1992 the petition was denied. Rangel appeals.
 
 ANALYSIS
 
 11
 Rangel contends that the evidence was insufficient to show that he had kidnapped for the purpose of committing a robbery. To the contrary, Rangel's use of a revolver, the holding of the gun throughout the ride and the taking of Morelos' property and auto constituted substantial evidence of his intention to rob Morelos throughout the kidnapping.
 
 
 12
 Rangel also contends that he was denied the assistance of counsel because he was not called by counsel to testify on his own behalf. If he had been called, the jury would have learned of Rangel's prior conviction of murder. His counsel's decision not to put him on the stand was a strategic and reasonable one. The decision did not constitute ineffective assistance. See United States v. Martinez, 883 F.2d 750, 761 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470 (9th Cir.1991).
 
 
 13
 Rangel also argues that his counsel should have focused the jury's attention on his intention at the time the kidnapping began. His counsel did mention the issue of intent, and the trial court's instructions defined the issue. There is no reasonable probability the result would have been different if counsel had argued more strenuously.
 
 
 14
 Finally, Rangel contends his counsel failed to request an opportunity for him to speak during sentencing. Rangel fails to demonstrate a reasonable probability that exercise of his right of allocution would have altered the sentence.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3